IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carl E. Copeland, | ) | |
| | ) | C/A No.: 3:01-3852-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Video Group, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 30, 2004, the court ordered judgment in favor of Plaintiff Carl E. Copeland in the amount of $1,606,686.64 plus reasonable attorney's fees, and denied Defendants' equitable defenses ("Damages Order") (Doc. 167).[1]  In a separate order on September 30, 2004, the court disposed of several outstanding motions and granted Plaintiff Carl E. Copeland's motions for discovery sanctions ("Discovery Order") (Doc. 166).  Judgment was entered on October 1, 2004. On  October 15, 2004, Defendants filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e).  Plaintiff filed a response on November 2, 2004.  After carefully reviewing Defendants' arguments and considering the applicable law, the court finds that Defendants' arguments are without merit or foundation and do not constitute proper grounds for relief under Rule 59(e).

---

[1] Defendants are Video Group LLC, BodyLab LLC, Athena Workouts LLC, Bertelsmann Music Group, Inc.,  Meridian Films, Inc., BB&H Inc., Anna Benson, Cynthia Benson, Mark Henriksen, Goodtimes Entertainment Ltd., Goodtimes Home Video Corp., GT Merchandising & Licensing, Cynthia Benson, Anna Benson, The Firm, Volume One Associates, Basic Training Associates, Volume Two Associates, Volume Three Associates, BBH Media, Firm Media LLC, The Firm Columbia, LLC, The Firm Charleston LLC, Mythos Media LLC, Firm Direct, LLC, 1101 Office Suites LLC, Twelve Oaks Partnership LLC, Firm Workouts LLC, Firm Licensing LLC, Firm International LLC, Mythos Media Inc., BBH Media Inc., The Firm Inc., Dear Charleston Inc., and Mark Henriksen ("Defendants").  By order dated November 29, 2001, the Honorable Matthew J. Perry, Jr. United States District Judge, dismissed Defendant Bertelsmann Music Group, Inc. from the within case with prejudice.

Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored and are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the motion of which the party is seeking reconsideration. Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). Despite the above constraints, such motions may be appropriate when, for example, "applicable law or known facts have changed since an issue was submitted to the court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Cont'l Illinois Corp., 116 F.R.D. 252, 253 (N.D. Ill. 1987). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). As this court has stated,

> Rule 59(e) of the Federal Rules of Civil Procedure provides a mechanism for an aggrieved party to petition the Court to alter or amend a judgment under certain limited circumstances. The purpose of a Rule 59(e) motion "is to allow the court to reevaluate the basis for its decision." Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented, Keyes, 766 F.

2

3:01-cv-03852-MBS    Date Filed 09/26/05    Entry Number 184    Page 3 of 7

Supp. at 280; and "cannot be used to raise arguments which could, and should, have been made before the judgment issued," <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986); or to submit evidence which should have been previously submitted. <u>Borvan v. United States</u>, 884 F.2d 767, 771 (4th Cir. 1989).

<u>Rouse v. Nielsen</u>, 851 F. Supp. 717, 734 (D.S.C. 1994).

Defendants assert that reversal of the Discovery Order is necessary, presumably to correct a clear error of law or prevent manifest injustice. First, Defendants assert that the award of discovery sanctions should be reconsidered because Defendants timely produced all documents in their possession. <u>See</u> Defendants' Motion for Reconsideration Under 59(e) at 2-5. The court disagrees. Defendants' failure to comply with discovery requests during the course of this litigation is well documented in the record and was the subject of numerous hearings. The court discerns no clear error of law or manifest injustice appertaining to the sanctions imposed in its Discovery Order.

Defendants also assert that the court made procedural errors that hampered their ability to comply with discovery requests, so that sanctions are not warranted. Specifically, Defendants assert that they should have been allowed 30 days to respond to Plaintiff's Memorandum on Gross Revenues pursuant to Fed. R. Civ. P. 6. <u>See</u> Defendants' Motion for Reconsideration Under 59(e) at 5-6. Defendants also assert that they were not given enough time to present expert testimony in regard to deductible expenses. <u>See</u> Defendants' Motion for Reconsideration Under 59(e) at 7-8.

As an initial matter, the court fails to discern any language in Rule 6 requiring the court to allow 30 days to respond to a motion or brief. In any event, as discussed in detail in the Damages Order, discovery in this case has been ongoing since 2001. Defendants' deadline to identify experts was on August 27, 2002. Discovery was to have been completed on January 14, 2003. A jury verdict on June 13, 2003 determined that Plaintiff possessed valid copyrights, a fact that had been

contested by Defendants since the commencement of the litigation.  An order issued by the court on March 26, 2004 put Defendants on notice that judgment against them was a possibility.  Plaintiff filed his memorandum on gross revenues on August 19, 2004.  Defendants filed their response on August 27, 2004.  The damages hearing was held on August 30, 2004, and the court accepted five additional submissions from Defendant subsequent to the damages hearing, all of which were considered in the Damages Order.[2]  The court concludes that Defendants had ample time and opportunity over the entire course of this litigation to prepare for and argue the damages issue.  The fact that Defendants did not have 30 days to respond to Plaintiff's Memorandum on Gross Revenues did not result in a clear error of law or manifest injustice.  Defendants' 59(e) motion with respect to the Discovery Order is without merit.

With respect to the Damages Order, Defendants assert that Plaintiff should not be allowed to base his gross revenue figure on the same documents that the court refused to allow Defendants to use in establishing deductible expenses.  See Defendants' Motion for Reconsideration Under 59(e) at 8-9.  As discussed in the Damages Order, Plaintiff must rely on the discovery process in order to establish gross revenues.  Defendants submitted summary sheets of revenues and expenses created by their accountant based on unsigned tax returns.  Defendants submitted no underlying documentation of revenues or expenses.  Because documentation of revenues and expenses are under Defendants' control, Plaintiff was allowed to use these documents to establish gross revenues.  Because Defendants failed to document their deductible expenses, they failed to meet their burden

---

[2]These include Defendants' Brief on Damages, Defendants' Memorandum in Response to the Court's Question Regarding Royalty Positions, Affidavit to Answer the Court's Question regarding royalty payments, Affidavit to Answer the Court's Questions regarding Payments from Goodtimes' Agreements, and Affidavit in Opposition to Plaintiff's Allegations.

4

of establishing deductible expenses. The court declines to find a clear error of law or manifest injustice requiring reconsideration on this ground.

Defendants further assert that the court's findings that exercise equipment sales and clothing are closely tied to the videos in question, and that Plaintiff's copyrighted works contributed 13% of the overall profit from the videos, are erroneous. See Defendants' Motion for Reconsideration Under 59(e) at 9, 11. Defendants raised these identical arguments prior to the court's disposition of Plaintiff's claims. A motion for reconsideration is not a means through which an unsuccessful party may espouse the same arguments and facts previously presented. See Keyes, 766 F. Supp. at 280.

Defendants also assert that the court should reconsider its denial of the defense of equitable estoppel. Defendants state that "[d]efendants have presented numerous arguments and memorandas related to Equitable Estoppel. Defendants will not burden the Court with further argument as to this issue but respectfully request that the Court revisit the issue of Equitable Estoppel in light of the affidavits submitted . . . on September 2, 2004." See Defendants' Motion for Reconsideration Under 59(e) at 13 (spelling error in original). As discussed in the court's Damages Order, the issue of equitable estoppel has been considered twice by the court. The court finds no reason to revisit the issue.

Defendants next assert that the court should reconsider its award of attorney's fees based on Davis v. Meridian Films, Inc., 78 Fed. Appx. 914, 916 (4th Cir. 2003) (unpublished), and Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc., 30 F.3d 503, 504 (4th Cir. 1994). This is an argument "which could, and should, have been made before the judgment issued" and therefore should not be considered in a motion to reconsider. Rouse, 851 F. Supp. at 734. Nevertheless, the court has reviewed the issue of attorney's fees with reference to the two cases cited by Defendants.

5

The Copyright Act states that "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Therefore, the statute leaves the decision of whether to award attorney's fees "to the sound discretion of the trial court." Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 234 (4th Cir. 1993). The Fourth Circuit provided guidance to district courts in using their discretion in deciding whether to award attorney's fees under the Copyright Act. The court should consider (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented. Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 234 (4th Cir. 1993).

With respect to the first factor, "a finding of willful infringement or bad faith on the part of the opposing party properly may be considered by the district court[.]" Id. (citing Lieb v. Topstone Indust., 788 F.2d 151, 156 (3d Cir. 1986)). The record in this case fully supports at least a finding of bad faith on the part of Defendants. Defendants never disputed making videos containing the production sets designed and constructed by Plaintiff; however, Defendants asserted Plaintiff owned no valid copyright. When a jury found in favor of Plaintiff on that issue, Defendants changed tactics, asserting defenses that previously had been abandoned or disposed of by the court. Defendants consist of a multitude of corporations established by the same principals, and each Defendant denied making the videos in question. The court issued an order joining all entities or persons involved or implicated in this litigation in an effort to ensure every participant in the infringement was a party to this action. The court was forced to impose sanctions on Defendants for discovery abuse when, among other things, Defendants failed to produce the specific documentation necessary to determine

6

gross revenues and deductible expenses. Instead, Defendants produced summary sheets purportedly showing their gross revenues and deductible expenses; the summary sheets were created by their accountant based on unsigned tax returns. The court finds that "the motivation of the parties" weighs in favor of awarding attorney's fees. Id. at 505-06. The facts stated also support a finding adverse to Defendants with regard to the second factor, "the objective reasonableness of the legal and factual positions advanced." Id.

As to the third factor, Plaintiff should be compensated for the profits made by Defendants from Plaintiff's work, and Defendants should be deterred from further infringing behavior. Defendants successfully marketed their videos based, at least in part, on the unique production sets created by Plaintiff, yet refused to reimburse him for his contribution to the profits they garnered from sales of the videos. The court finds that the "need in particular circumstances to advance considerations of compensation and deterrence" weighs in favor of awarding attorney's fees. Id. Thus, the court concludes that the award of attorney's fees was proper. Defendants' arguments are without merit.

## CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

September 26, 2005

Columbia, South Carolina

7