IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carl E. Copeland, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:01-3852-MBS |
| ) | |
| Video Group LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Carl E. Copeland, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 3:02-1954-MBS |
| vs. ) | |
| ) | |
| Goodtimes Entertainment, Ltd., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**O R D E R**

Plaintiff Carl E. Copeland brought copyright infringement actions against Defendants Video Group LLC, BodyLab LLC, Athena Workouts LLC, Bertelsmann Music Group, Inc.,[1] Meridian Films, Inc., BB&H Inc., Anna Benson, Cynthia Benson, Mark Henriksen, Goodtimes Entertainment Ltd., Goodtimes Home Video Corp., GT Merchandising & Licensing, Cynthia Benson, Anna Benson, The Firm, Volume One Associates, Basic Training Associates, Volume Two Associates, Volume Three Associates, BBH Media, Firm Media LLC, The Firm Columbia, LLC, The Firm

---

[1] By order dated November 29, 2001, the Honorable Matthew J. Perry, Jr. United States District Judge, dismissed Defendant Bertelsmann Music Group, Inc. from the first captioned case with prejudice. This Defendant is not named in the second captioned case.

Charleston LLC, Mythos Media LLC, Firm Direct, LLC, 1101 Office Suites LLC, Twelve Oaks Partnership LLC, Firm Workouts LLC, Firm Licensing LLC, Firm International LLC, Mythos Media Inc., BBH Media Inc., The Firm Inc., Dear Charleston Inc., and Mark Henriksen ("Defendants"). Plaintiff alleged that he created a production set and eleven murals that Defendants utilized in the production of numerous exercise videos and then distributed without Plaintiff's permission and in violation of his copyrights. Plaintiff sought "profit" damages pursuant to 17 U.S.C. § 504 ("Copyright Act"). Defendants claimed that Plaintiff owned no valid copyright in the production sets. On June 11, 2003 and June 13, 2003, a jury trial was held in the case of Copeland v. Video Group, et al., C/A No 3:01-3852 ("Copeland I") to determine whether Plaintiff owned valid copyrights in the set and murals. The jury found that Plaintiff owns valid copyrights in twenty-one works.

By order dated March 26, 2004, the court found that the Copeland I Defendants' use of the set and murals constituted unauthorized copying of Plaintiff's copyrights. The parties to both captioned cases stipulated on June 22, 2004 that "[a]ll decisions, rulings, judgments, and orders made by the Court or a jury in the action captioned Copeland v. Video Group, LLC, et. al, C.A. No. 3:01-3852-24 ("Copeland I"), will govern, control, and be dispositive of the issues raised in Copeland v. Goodtimes Entertainment, Ltd. et. al, C.A 3:02-1954-24 ("Copeland II")." On August 5, 2004, the court held that Defendants had abandoned the defense of implied license and that they were liable to Plaintiff for copyright infringement.

Defendants Goodtimes Entertainment Ltd., Goodtimes Home Video Corp., and GT Merchandising & Licensing (collectively "Goodtimes") determined that they had a conflict of

interest with the remaining Defendants. Therefore, on August 26, 2004, the court granted Goodtimes leave to retain counsel. Counsel made an appearance on behalf of Goodtimes on August 27, 2004.

The court heard argument on the issue of damages on August 30, 2004. By order filed September 30, 2004, the court found that Plaintiff was entitled to damages in the amount of $1,606,686.64 against all Copeland I and Copeland II Defendants with the exception of Goodtimes, which it intended to address in a subsequent order.

Defendants in the Copeland I case moved for reconsideration of the court's September 30, 2004 order on October 15, 2004. The court denied the motion on September 26, 2005. The Copeland I Defendants filed a notice of appeal on October 26, 2004. On October 30, 2009, the Fourth Circuit issued an order indicating that a settlement agreement had been submitted covering all matters raised in the appeal and rendering the controversy moot. Thus, the Copeland I litigation is terminated.

In the Copeland II matter, Goodtimes and Plaintiff submitted additional briefing on the issue of damages as to the Goodtimes Defendants. However, on July 15, 2005, prior to a ruling on the issue of damages, counsel for Goodtimes notified the court that Defendants Goodtimes Entertainment, Ltd., Goodtimes Home Video Corporation, and GT Merchandising & Licensing Corporation had filed for protection under Chapter 11 of the Bankruptcy Code. The court filed an order staying case pursuant to 11 U.S.C. § 362 on July 20, 2005.

On October 13, 2005, Plaintiff filed a consent motion to dismiss the Goodtimes Defendants with prejudice in the Copeland II case. Plaintiff advised the court that he had reached a settlement with the Goodtimes Defendants that had been approved by the bankruptcy judge. The court granted the motion on November 8, 2005.

Upon inquiry, counsel for Plaintiff has informed the court that all remaining issues either have been disposed of or rendered moot by the various settlements among the parties. Plaintiff reiterates that a jury ruled in his favor as to the existence of the copyrights, that the court established damages in Plaintiff's favor, and that all defenses and counterclaims asserted by Defendants have been found to be without merit.[2]  No party has objected to Plaintiff's position. Accordingly,

**IT IS ORDERED** that the Clerk of Court terminate Copeland II. The within order shall be filed in both the Copeland I and Copeland II cases, as hereinabove captioned.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 12, 2010.

---

[2] It also appears that Plaintiff is now deceased and that his Estate has been acting on his behalf.